**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

CHANDRA HENDERSON,    :
             :
   Plaintiff,      :
             :
v.             :    CASE NO.: 1:13-CV-140 (WLS)
             :
MICHAEL J. MOORE, *et al.*,   :
             :
   Defendants.    :
_____:

## ORDER

Presently pending before the Court is Plaintiff's Motion for Stay of All Sentences and Other Legal Actions (Doc. 3), a Motion to Dismiss filed by Defendants Moore, Effendi, Edgar, Meyers, and Dowdy ("the Federal Defendants' Motion to Dismiss") (Doc. 11), and Defendant Sheppard's Motion to Dismiss (Doc. 14). For the following reasons, Plaintiff's Motion for Stay of All Sentences and Other Legal Actions (Doc. 3) is **DENIED,** the Federal Defendants' Motion to Dismiss (Doc. 11) is **GRANTED,** and Defendant Sheppard's Motion to Dismiss (Doc. 14) is **GRANTED.** Because no claims remain in this case, Plaintiff's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

## BACKGROUND

On August 21, 2013, Plaintiff filed the instant suit against United States Attorney Michael J. Moore, Prosecutors Alexander Effendi and Charles Edgar, Jr., Special Agents Cindy Meyers and Seretta Dowdy, and her former employer, Greene Wylie Sheppard. (Doc 1.) In essence, her complaint alleges wrongdoing by the individuals involved with her prosecution. She alleges that she was hired by Mr. Sheppard to perform clerical duties for Pay Day Cash in January 2007. (*Id.* at ¶ 1.) According to Plaintiff, Mr. Sheppard asked her to allow him to use her children's personal information for tax

purposes and gather personal information of people who have children, or who are disabled or receiving SSI.   (*Id.* at ¶¶ 2, 5.)   Plaintiff claims that she confronted Mr. Sheppard "about the inflating of checks," but he stated that "the government did not mind as long as you don't get out of control with it."   (*Id.* at ¶ 7.)   Plaintiff alleges that it came to her attention that Mr. Sheppard had been filing incorrect tax returns and she thereafter notified the IRS and found another place of employment.   (*Id.* at ¶ 9.) Plaintiff claims that, in January 2008, Mr. Sheppard offered her the opportunity to return but she declined because of her suspicions that illegal conduct was taking place. (*Id.* at ¶ 10.)

Plaintiff claims that Special Agents Cindy Meyers and Seretta Dowdy "collaborated and conspired with . . . Attorney Alexander Effendi with their opinions, assumptions and[,] with the presumptuous conclusions[,] did incrimate[] and victimize[] this Plaintiff rather than give this Plaintiff the benefit of being the victim." (*Id.* at ¶ 11.)   Plaintiff asserts that Agents Meyers and Dowdy asked her questions about her involvement with Mr. Sheppard but assured her that her answers would not be used against her.   (*Id.* at ¶ 13.)   Plaintiff also alleges that Agents Meyers and Dowdy, in collaboration with Prosecutor Effendi "ignored this Plaintiff's rights and violated several Federal law[s] with the creation of fraudulent Bills of Lading before this court." (*Id.* at ¶ 14.)   Plaintiff maintains that Mr. Sheppard used her children's social security numbers without her knowledge and acted as "the master mind of the conspiracy" against her.   (*Id.* at ¶ 15.)   Plaintiff alleges that Agents Meyers and Dowdy, and Attorney Effendi, "are assuming this Plaintiff knew and participated in this act when in fact this Plaintiff became the 'Whistleblower' and notified the IRS and the bank that permitted their check-software program."   (*Id.* at 6.)

Plaintiff asserts that Defendants "coerced a 'plea bargain agreement' in the alleged 'conspiracy to [de]fraud' the IRS."   (*Id.* at 6-7.)   She claims that they "forced their conspiracy theory after-the-fact two years later and did not give this Plaintiff the right for a trial-by-the-Jury and offered threats if this Plaintiff did not cooperate with information in this alleged conspiracy theory."   (*Id.* at 7.)   Plaintiff asks the Court to

"vacate claim # 1:13-CR-17-001 (WLS) any and all other claims against this Plaintiff in the alleged charges" and "order these Defendants to pay the Federal funds to this Court and use this Plaintiff's portion for the offset of losses caused by this Plaintiff as the Federal violations add up to more than $1,240,000.00." (*Id.* at 9.)

On August 26, 2013, Plaintiff requested a stay of all legal actions "concluded by Prosecutor Alexander Effendi and District Court Judge[] W. Louis Sands who presided in Criminal-Claim Number # 1:13-CR-17-001 (WLS) and now is assigned to Civil-Action Number # 1:13-CV-140 (WLS)." (Doc. 3 at 1.)  Plaintiff claims that she is entitled to "a recusal of the Judge as to not have the 'Conflict of Interest' or the appearance of 'conflict of interest' in this Civil Claim." (*Id.*)

On November 5, 2013, Defendants Moore, Effendi, Edgar, Meyers, and Dowdy filed a Motion to Dismiss. (Doc. 11.)  Therein, Defendants Moore, Meyers, and Dowdy argue that they are entitled to dismissal of the claims against them because "Plaintiff provided insufficient process and insufficient service of process." (Doc. 11-1 at 4-5.) Defendants also argue that Plaintiff's claims are not actionable under 42 U.S.C. §§ 1983 and 1985, and that she has failed to state a viable claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act. (*Id.* at 6.)  Further, Defendants Moore, Effendi, and Edgar claim that, as government attorneys, they are entitled to absolute immunity because all allegations against them involve their role in the judicial process. (*Id.* at 7-8.)  Defendants also argue that they are entitled to qualified immunity because Plaintiff's conclusory allegations are not sufficient to overcome the pleading requirements associated with qualified immunity. (*Id.* at 10-11.)  Lastly, Defendants claim that Plaintiff's conviction cannot be overturned under *Bivens*, and that the Court lacks subject matter jurisdiction to vacate Plaintiff's conviction. (*Id.* at 12-14.)  On November 7, 2013, the Court notified Plaintiff that the above-named Defendants filed a Motion to Dismiss against her and provided her with twenty-one days to respond in accordance with Federal Rule of Civil Procedure 12. (Doc. 13.)  She has not responded. (*See generally* Docket.)

On December 9, 2013, Defendant Sheppard filed a Motion to Dismiss. (Doc. 14.) Therein, he claimed that he should be dismissed from this suit because he "has never been served with a copy of the summons and a copy of the complaint." (*Id.* at 1.) He asserts that, because he has not been properly served, the Court lacks personal jurisdiction over him, he is not required to respond to the complaint, and action cannot be taken against him in this matter. (*Id.* at 1-2.) On December 27, 2013, the Court notified Plaintiff that Defendant Sheppard filed a Motion to Dismiss and ordered her to respond within twenty-one days in accordance with the Federal Rules of Civil Procedure. (Doc. 15.) She has not responded. (*See generally* Docket.)

## ANALYSIS

### I. Recusal

A federal district judge must recuse himself or herself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Whether recusal is warranted "turns on 'whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.' " *In re Moody*, No. 13-12657, 2014 WL 92232, *2 (11th Cir. Jan. 10, 2014) (citing *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013)). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

In her Request for the Stay of All Sentences and Other Legal Actions, Plaintiff asks that all legal actions against her be stayed and seeks recusal of the undersigned. (*See* Doc. 3.) However, she provides no legal basis for such actions. (*See id.*) The undersigned acted as presiding judge over Plaintiff's criminal case. (*See* Docket No. 1:13-CR-17-001.) In that case, Plaintiff waived her right to prosecution by indictment and was charged by information for conspiracy to defraud the United States by filing fraudulent tax returns. (*Id.* at Docs. 7 & 9.) Plaintiff entered into a plea agreement with the Government and the undersigned accepted her plea on March 29, 2013. (*Id.* at Docs.

12 & 13.)  On August 8, 2013, Plaintiff was sentenced to 18 months imprisonment and ordered to pay $376,637.00 in restitution.  (*Id.* at Doc. 23.)

On August 26, 2013, Plaintiff, acting *pro se*, filed Motion to Postpone Voluntary Surrender Date.  (*Id.* at Doc. 28.)  Therein, Plaintiff also stated that she was entitled to recusal of the undersigned.  (*See id.*)  Because Plaintiff was represented by counsel at the time she filed that Motion, the Court struck that pleading.  (*Id.* at Doc. 29.)  The Court noted, however, that, to the extent Plaintiff sought recusal of the undersigned, that request would be denied, even if the motion had been properly filed.  (*Id.*)  The Court stated that recusal was not proper because "[t]he undersigned played no role in the investigation, decision to prosecute, selection of charges or plea negotiations in this case, and no allegation of misconduct appears on the record in this case."  (*Id.*)  The Court also denied Plaintiff's Motion for Reconsideration.  (*Id.* at Doc. 32.)

For the same reasons stated in the Court's previous denial of Plaintiff's request for recusal, the Court finds that recusal is not appropriate under these circumstances. Plaintiff does not allege that the undersigned engaged in any misconduct, conspired to deprive her of her constitutional rights, or took any actions other than those legitimately required by the role of presiding judge.  Instead, Plaintiff asserts that the undersigned should be recused based on the mere fact that he presided over her criminal case and is the presiding judge over the instant matter.  There is no support in the law for such a contention.  The record contains no facts to suggest that an "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal [i]s sought would entertain a significant doubt about the [undersigned's] impartiality.' "  *In re Moody*, 2014 WL 92232 at *2.  Accordingly, to the extent Plaintiff's Request for the Stay of All Sentences and Other Legal Actions (Doc. 3) seeks recusal of the undersigned, such request is **DENIED.**  Further, for the reasons stated below, to the extent Plaintiff requests that actions in her criminal case be stayed, such request is **DENIED.**

## II.  Federal Defendants' Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.  A motion to

dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.' " *Edwards*, 602 F.3d at 1291 (citation omitted).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a plaintiff's pleadings, the Court must "make reasonable inferences in Plaintiff's favor, 'but we are not required to draw [P]laintiff's inference.' " *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)). The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a Complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint). In the post-*Twombly* era, "[d]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Court notes that it cannot vacate Plaintiff's criminal judgment and sentence through this civil suit. A § 1983 suit challenges the constitutionality of actions taken by state officials, and a suit brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), challenges the constitutionality of actions taken by federal officials. *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998)

(citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)).  Because of the similarity of the two actions, courts "generally apply § 1983 law to *Bivens* cases." *Id.* (citation omitted).  A federal prisoner cannot use *Bivens* to attack or shorten her federal sentence. *See Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (explaining that federal habeas corpus relief is the appropriate vehicle for challenging fact or duration of confinement).  If Plaintiff wishes to challenge the legality of her conviction and sentence, she should do so pursuant to 28 U.S.C. § 2255. Thus, to the extent that Plaintiff seeks in this civil action for this Court to vacate her conviction or sentence in her criminal case, she has failed to state a claim.

The Court construes Plaintiff's complaint as also seeking money damages from Defendants.  (*See* Doc. 1 at 9.)  *Bivens* is the proper vehicle to seek money damages against Defendants in their individual capacities, *see Carlson v. Green*, 446 U.S. 14, 21 (1980), and the Federal Tort Claims Act is the proper avenue to seek money damages against Defendants in their official capacities.  *See* 28 U.S.C. § 2679.  However, a suit against an individual in his or her official capacity is treated as a suit against that official's agency or entity.  *Thomas v. U.S. Postal Serv.*, 364 F. App'x 600, 601 (11th Cir. 2010) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)).  Because Defendants Moore, Effendi, Edgar, Meyers, and Dowdy are federal employees, suits against them in their official capacities are suits against agencies of the United States.

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued." *United States v. Dalm*, 494 U.S. 596, 608 (1990).  In other words, the United States cannot be sued unless Congress says it can be sued.  And, even then, it can only be sued to the extent so authorized.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) ("[T]he 'terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.' ").  In this context, arguably, the Federal Tort Claims Act is the statute that Plaintiff could use to bring her claims.  *See* 28 U.S.C. § 1346(b). However, Plaintiff would be required to exhaust administrative remedies before bringing such claims.  *See* 28 U.S.C. § 2675; *Jackson v. Cnty. of Rockland*, 450 F. App'x 15,

19 (2d Cir. 2011).  Because Plaintiff has not alleged that she has filed such an administrative claim, Plaintiff cannot bring her claims against Defendants in their official capacities.  *See Free v. United States*, 885 F.2d 840, 842 (11th Cir. 1998) (citation omitted) ("In order to maintain a lawsuit against the United States under the Federal Tort Claims Act, a plaintiff must present notice of his or her claim to the appropriate federal agency."); *see also Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984) (noting that administrative complaint is jurisdictional requirement and cannot be waived). Therefore, to the extent Plaintiff seeks to bring claims against Defendants in their official capacities, she has failed to state a claim.

At this juncture, the Court notes that the only claims that remain against the federal Defendants are brought under *Bivens*.  Plaintiff asserts claims against the United States Attorney for the Middle District of Georgia, Defendant Moore, and prosecutors Effendi and Edgar.  "A prosecutor's actions in initiating a prosecution and presenting the [Government's] case are entitled to absolute immunity even if undertaken with malicious intent."  *Davis v. Self*, No. 13-11228, 2013 WL 6068475, *5 (11th Cir. Nov. 19, 2013) (citing *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009)); *see also Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) ("A federal prosecutor defending a *Bivens* action is entitled to the same immunity" provided to prosecutors defending § 1983 actions).  To the extent Plaintiff complains of actions taken by Defendants Moore, Effendi, and Edgar in their roles as advocates, such suits are barred by absolute immunity.

A prosecutor's actions related to investigating and gathering evidence is not entitled to absolute immunity although qualified immunity may nonetheless bar suit. *Barr v. Gee*, 437 F. App'x 865, 876 (11th Cir. 2011); *Rehberg v. Paulk*, 611 F.3d 828, 838 (11th Cir. 2010).  Plaintiff asserts that Defendant Effendi conspired with Defendants Meyers and Dowdy to "incriminate[] and victimize" Plaintiff.  (*See* Doc. 1 at ¶¶ 11, 14.) That statement may indicate that Plaintiff seeks to assert claims against Defendant Effendi for actions he took in relation to investigating and gathering evidence.  Even without the protection of absolute immunity, the Court finds that Defendant Effendi, as

well as Defendants Moore, Edgar, Meyers, and Dowdy, are entitled to dismissal because Plaintiff has failed to allege facts sufficient to overcome qualified immunity at this stage.[1]

"Qualified immunity shields government officials acting within their discretionary authority from liability unless the officials 'violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Franklin v. Curry*, No. 13-10129, 2013 WL 6728101, *2 (11th Cir. Dec. 13, 2013) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   "To evaluate claims of qualified immunity, the Court considers whether (1) the plaintiff has alleged a violation of a constitutional right; and (2) whether the right was 'clearly established' at the time of the defendant's misconduct." *Rehberg*, 611 F.3d at 838.

First, Plaintiff alleges that Defendants Meyers and Dowdy told Plaintiff that statements she provided would not be used against her, which Plaintiff claims turned out to be "fraud and false-statement[s]." (Doc. 1 at ¶ 13.)   The Court finds that this allegation does not sufficiently allege a violation of a constitutional right.   "[T]he fact that certain promises may . . . have been made by law enforcement to secure the confession [is] not the sole determinant factor we evaluate in determining whether the confession will be upheld, for '[t]he Constitution does not prohibit every element which influences a criminal suspect to make incriminating admissions.' " *United States v. Santiago*, 410 F.3d 193, 202 (5th Cir. 2005) (citing *United States v. Washington*, 431 U.S. 181, 187 (1977)).   Even if Plaintiff was induced to make incriminating statements by promises that those statements would not be used against her, such fact does not necessarily lead to the conclusion that a constitutional right was violated.   Without

---

[1] The Court notes that Plaintiff failed to allege any facts regarding actions taken by Defendants Moore or Edgar.   Accordingly, Plaintiff has clearly failed to state a claim against those Defendants.   To the extent Plaintiff seeks to hold Defendant Moore liable simply because of his supervisory role, Plaintiff has failed to state a claim.   *See Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation.")

additional allegations, the Court cannot conclude that a constitutional violation has been sufficiently alleged.

Second, Plaintiff asserts that Defendant Effendi ignored her rights and "violated several Federal laws with the creation of fraudulent Bills of Lading before this court." (Doc. 1 at ¶ 14.)  Although it is unclear what actions of Defendant Effendi Plaintiff finds offensive to her constitutional rights, or to which rights she finds those actions offensive, the Court notes that absolute immunity would not shield Defendant Effendi from a properly asserted claim that he fabricated incriminating evidence against Plaintiff.  *See Barr*, 437 F. App'x at 876.  However, a bare assertion, standing alone, that Defendant Effendi fabricated evidence is insufficient to state a claim.  *See id.*; *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").  Thus, the Court finds that the above-referenced allegation against Defendant Effendi fails to state a claim.

Third, Plaintiff seeks to assert a claim against Defendants Meyers, Dowdy, and Effendi because they assumed that she knew of and participated in the actions of Defendant Sheppard when, "in fact this Plaintiff became the 'Whistleblower' and notified the IRS and the bank that permitted their check-software program."  (Doc. 1 at ¶ 15.)  An assertion that Defendants Meyers, Dowdy, and Effendi made an assumption that turned out to be erroneous does not indicate that a constitutional violation occurred.  "To be entitled to qualified immunity from a [*Bivens*] malicious-prosecution claim, an officer need only have arguable probable cause."  *Polk v. Nugent*, No. 13-13384, 2014 WL 260294, *2 (11th Cir. Jan. 24, 2014) (citing *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1257 & n.25 (11th Cir. 2010)).  "Mere negligent failure to investigate . . . does not violate due process."  *Winslow v. Smith*, 696 F.3d 716, 732 (8th Cir. 2012).  Plaintiff has failed to allege any facts to suggest that Defendants Meyers, Dowdy, and Effendi lacked probable cause to pursue claims against her, or that their investigation of her was reckless or intentionally inadequate.  Therefore, these allegations must be dismissed because they fail to state a claim.

Fourth, Plaintiff claims that Defendants Meyers and Dowdy "coerced a 'plea bargain agreement' in the alleged 'conspiracy to [de]fraud' the IRS." (Doc. 1 at 6.)  In essence, a plea of guilty is valid "unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business."  *See Brady v. United States*, 397 U.S. 742, 755 (1970) (citing *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957)). Because Defendants Meyers and Dowdy are not prosecutors and are therefore not entitled to absolute immunity, it is at least conceivable that they could be liable for actions that were of such a nature that Plaintiff's will was overcome and her guilty plea was therefore coerced and not voluntary.  However, as noted above, Plaintiff must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555.  Because she has failed to articulate facts underlying the supposed constitutional violation regarding her plea, she has failed to state a claim.  *See id.*

Lastly, Plaintiff claims that Defendants "forced their conspiracy theory after-the-fact two years later and did not give this Plaintiff the right for a trial-by-the-Jury and offered threats if this Plaintiff did not cooperate with information in this alleged conspiracy theory." (Doc. 1 at 7.)  By this assertion, it appears that Plaintiff is claiming that her right to a jury trial was violated and that she was threated if she did not cooperate in the investigation against her.  Again, although it is conceivable that, with the sufficient allegation of facts, a constitutional violation could be asserted based on threats by prosecutors or investigators, the "labels and conclusions" offered by Plaintiff, standing alone, are not sufficient to state a claim.  *See Twombly*, 550 U.S. at 555.

The Court notes that Plaintiff's claims all suffer the same fatal defect: they are insufficiently precise and fail to articulate the factual bases therefor.  Using "buzzwords" such as "conspire" and "coerce" are not sufficient to state a claim.  To properly plead a claim, a litigant must plead facts that, if taken as true, would give rise to at least a plausible entitlement to relief.  This requirement entails pleading facts that would at least plausibly indicate that Plaintiff could surmount the federal Defendants'

entitlement to immunity.  Because Plaintiff failed to plead such facts, she has failed to state a claim against the federal Defendants.  Therefore, the Federal Defendants' Motion to Dismiss (Doc. 11) is **GRANTED** and the claims against them are **DISMISSED WITHOUT PREJUDICE.**

### III. Defendant Sheppard's Motion to Dismiss

Federal Rule of Civil Procedure 4(m) states that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant" unless "the plaintiff shows good cause for the failure."  "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service."  *Jackson v. Capraun*, 534 F. App'x 854, 858 (11th Cir. 2013) (citing *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).  Also, Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order," the Court may dismiss the suit.  *See Kennedy v. Bell S. Telecomm., Inc.*, No. 12-15869, *2 (11th Cir. Oct. 18, 2013) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).  "Rule 41(b) dismissal may be warranted 'where there is a clear record of delay or contumacious conduct by the plaintiff.' "  *Id.* (citing *Hepperle v. Johnston*, 590 F.3d 609, 612 (5th Cir. 1979)).

In Defendant Sheppard's Motion to Dismiss, he argues that the claim against him should be dismissed without prejudice because he has not been served and more than 120 days have elapsed since the filing of the complaint "as required by Fed.R.Crim.P. 4." (Doc. 14.)  Of course, Defendant Sheppard was referring to Federal Rule of *Civil* Procedure 4.  Nonetheless, Plaintiff was ordered to respond to the Motion to Dismiss and was notified of the importance of compliance with the Federal Rules of Civil Procedure, and of the consequences for the failure to do so.  (*See* Doc. 15.)  That order effectively gave Plaintiff the opportunity to attempt to demonstrate good cause for her failure to serve process.  However, Plaintiff chose not to do so.  (*See generally* Docket.)  Plaintiff has not filed a pleading in this case since September 3, 2013.  (*See* Doc. 4.)  On September 10, 2013, an individual with the United States Attorney's Office sent a letter

to Plaintiff explaining that her "attempt at service [was] legally insufficient" and provided her with a copy of Rule 4. (Doc. 9.)  Notwithstanding this notice, Plaintiff did not attempt service again on the federal Defendants or Defendant Sheppard.[2]  (*See generally* Docket.)

Because Plaintiff has not filed a pleading in this matter in nearly five months, failed to respond to the Court's orders to respond to the Motions to Dismiss, and failed to attempt service after a class of defendants notified her that her attempt at service was insufficient, the Court finds that the claim against Defendant Sheppard is subject to dismissal under Rule 41(b) for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with the Court's orders.  The Court also finds that the claim against Defendant Sheppard is subject to dismissal under Rule 4(m) because Plaintiff declined to attempt to demonstrate good cause when the Court ordered her to respond to Defendant Sheppard's Motion to Dismiss.  Accordingly, Defendant Sheppard's Motion to Dismiss (Doc. 14) is **GRANTED** and Plaintiff's claims against him are **DISMISSED WITHOUT PREJUDICE.**

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Stay of All Sentences and Other Legal Actions (Doc. 3) is **DENIED**, the Federal Defendants' Motion to Dismiss (Doc. 11) is **GRANTED**, and Defendant Sheppard's Motion to Dismiss (Doc. 14) is

---

[2] Because the Eleventh Circuit prefers to decide cases on their merits instead of procedural issues, and the merits of the claims against the federal Defendants are readily apparent, the Court decided the claims against those Defendants on substantive grounds.  *See Owens v. Benton*, 190 F. App'x 762, 763 (11th Cir. 2006); *In re Greenberg*, No. 05-61061-CV-JIC, 2006 WL 1594202, *3 (11th Cir. June 9, 2006).  Nonetheless, the Court notes that Plaintiff's claims against the federal Defendants were probably subject to dismissal under Federal Rules of Civil Procedure 4(m) and 41(b) for the same reasons that dismissal under those Rules is appropriate as to Defendant Sheppard.

GRANTED. Because no claims remain in this action, Plaintiff's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

      **SO ORDERED**, this  31st  day of January 2014.


               /s/ W. Louis Sands
               **W. LOUIS SANDS, JUDGE**
               **UNITED STATES DISTRICT COURT**